UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

ELIZABETH CASTILLO,
A citizen and resident of California,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ELIZABETH CASTILLO, a California citizen and resident, sues Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff ELIZABETH CASTILLO is sui juris and is a permanent resident and citizen of the State of California.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious

ELIZABETH CASTILLO V. CARNIVAL CORP

name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 12 below, including a femur fracture, support an award of damages in excess of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "BREEZE."

ELIZABETH CASTILLO V. CARNIVAL CORP

10. That Carnival "Breeze" is a passenger vessel built in 2012 and first placed into service on or around June, 2012.

11. The "Breeze" has a dining area, located on Lido Deck 10, referred to by Defendant as the "Lido Market Place" restaurant and dining area.

12. The Lido Market Place restaurant flooring and adjacent walkways leading inside and out of the Lido Market Place on the "Breeze" consisted at all material times of square tiles.

13. At all material times, the Plaintiff was a fare-paying passenger on board the M/S BREEZE and in that capacity was lawfully present on board the vessel.

14. At an unknown exact time, but soon after the Breeze was placed into service in June 2012, there were numerous complaints by passengers and repeated frequent slip and fall accidents due to the slippery nature of the tile floors installed in the Lido Market Place area.

15. No later than July 2013, approximately one year after the Breeze was first placed into service, the Defendant hired a consulting firm named SEA, LTD, hereinafter (SEA) to test the coefficient of friction on Lido Market Place tile floor surfaces on the Breeze because of its knowledge of the complaints about the dangerous and slippery nature of the tile floors within the Lido Market Place which had harmed many passengers.  This testing confirmed that the slip resistant properties were below applicable industry standards.

16. On or about September, 2013, the Breeze onboard management employees, acting on their own without instructions from their supervisors, made arrangements for a third party independent contractor to apply an experimental/slip resistant resin known as "Stanta" to the Lido Market Place floors in an attempt to improve the inadequate slip resistance properties of the floor surface.

ELIZABETH CASTILLO V. CARNIVAL CORP

17. Upon information and belief, in February 2014 Defendant retained one Zdenek Hejzlar to test the floor surfaces on the Breeze to determine their slip resistance after the "Stanta" application.

18. Upon information and belief, testing performed by Mr. Hejzlar demonstrated that the Stanta application was not effective, in that it did not improve the slip resistance properties of the floor to acceptable safe levels under industry standards.

19. Internal documents obtained from Carnival demonstrate that in August of 2013, the company held a safety meeting where it was discussed that **"The Lido Market Place Tile are [sic] serious safety hazard and is an engineering and design defect that should be fixed"**

20. This issue was not limited to the Breeze; in an email dated September 26, 2013 sent by ship manager Domenico Otrello to Mr. Dominguez, Mr. Otrello stated "I've seen this kind of problem on each and every Carnival vessel I've been working on the last 18 years…the only logical approach to have this problem permanently solved would be complete replacement of the Lido Restaurants flooring by using a better grit tile as done in the past on board the Destiny, Triumph, Victory, Valor etc…".

21. Despite numerous attempts to remedy the well documented safety issues presented by the subject floor surface, the hazard persists. Upon information and belief, approximately 60 or more slip and fall accidents in the Lido Market Place restaurant were reported to CARNIVAL just in the four-year period immediately preceding the Plaintiff's slip and fall. More than 30 additional slip and falls have been reported to have occurred in the Lido Market Place restaurant on the passenger vessels Sunshine and Sunrise in the three years prior to Plaintiff's fall.

22. Defendant Carnival concealed from passengers the information known to them concerning the risks of the Lido Market Place floor so that passengers lacked the opportunity to

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

undertake personal safety measures to overcome the hazards prior to entering the Lido Marketplace restaurant.

23. At all material times, Carnival knew or should have known that the tile floors on the Breeze were unreasonable slippery and were dangerous to passengers. Nevertheless, Carnival failed to adequately address the issue despite the opportunity to do so.

24. On December 2, 2019, while the Plaintiff was lawfully on board the M/S BREEZE as a fare paying passenger, she was walking in the onboard dining facility on Deck 10 when she slipped on wet, and/or unreasonably slippery floor surface.

25. As a direct and proximate result of her slip and fall described in the preceding paragraph, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a femur fracture, sustained suffered pain and suffering therefrom, sustained mental anguish, sustained scarring, disfigurement, disability, aggravation and acceleration of preexisting injuries, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT FAILURE TO MAINTAIN

26. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 25 above and further alleges the following matters.

27. At all material time, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care for her safety. This duty of reasonable care included a duty to take reasonable steps to maintain its vessel in a reasonably safe condition, including the duty to inspect for and correct dangerous or risk creating

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

ELIZABETH CASTILLO V. CARNIVAL CORP

onboard conditions of which it actually knew or should have known in the exercise of reasonable care.

28. At all material times, the floor surface used in the Lido marketplace flooring of Deck 10 of the "BREEZE" represented a dangerous or risk creating condition as documented above.

29. At all material times, the onboard dining facility on Deck 10 of the "BREEZE" was in a high traffic area and was in a condition dangerous or risk creating to passengers traversing the area in that there was a wet and or unreasonably slippery floor surface on the deck surface and the tiles used in the area on surface was deficient as discussed above.

30. At all material times, the Defendant actually knew or should have known of the dangerous or risk creating condition referred to in the preceding two paragraphs, as discussed above.

31. As an alternative to the allegations in the preceding paragraph, the wet, slippery floor surface in dining area on Deck 10 of the "BREEZE" had been present for a sufficient period of time before the Plaintiff's fall described in Paragraph 11 above that the Defendant should have known of it and had an opportunity to take corrective measures.

32. As an alternative to the allegations in the preceding two paragraphs, the presence of wet, or unreasonably slippery floor surface in the dining area on Deck 10 of the "BREEZE" was a recurring condition that recurred so regularly and frequently that the Defendant knew or should have anticipated its regular recurrence and hence should have known of it.

33. Notwithstanding its actual or constructive knowledge of the dangerous or risk creating condition as described above, the Defendant failed at all material times to correct the condition by adequately cleaning the deck in the onboard dining facility on Deck 10 of the "BREEZE," cordoning off the area pending cleaning, repairing the defective flooring, using better

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

grit tiles, deploying more personnel to monitor and the area or otherwise, and was thereby negligent in its maintenance of the onboard dining facility.

34. The specific acts of negligent maintenance include but are not limited to failure adequately to deploy a sufficient number of personnel to monitor and inspect the floor surface onboard dining facility on Deck 10 of the "BREEZE" for dangerous or risk creating transitory substances, failure to correct those conditions once they were or should have been detected, failure to cordon off or otherwise isolate the dangerous area pending its cleaning or remediation, and the failure to adequately correct the persistent safety issues caused by the slippery flooring surface as described above.

35. As a direct and proximate result of the Defendant's negligent maintenance of its onboard dining facility on Deck 10 of the "BREEZE" as alleged above, the Plaintiff slipped and fell as alleged in Paragraph 11 above and thereby has sustained and will continue to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN

36. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 12 above and further alleges the following matters.

37. At all material time, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care for her safety. This duty of reasonable care included a duty to take reasonable steps to warn passengers, including the Plaintiff, of dangerous or risk creating onboard conditions of which it actually knew or should have known in the exercise of reasonable care.

7

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

38. At all material times, the unreasonably floor surface of the Lido marketplace flooring of Deck 10 of the "BREEZE" represented a dangerous or risk creating condition as documented above.

39. At all material times, the onboard dining facility on Deck 10 of the "BREEZE" was in a high traffic area and was in a condition dangerous or risk creating to passengers traversing the area in that there was a wet of wet, and or slippery floor surface on the deck surface and the surface was deficient as discussed above.

40. At all material times, the Defendant actually knew of the dangerous or risk creating condition referred to in the preceding two paragraphs, as discussed above.

41. As an alternative to the allegations in the preceding paragraph, the wet, unreasonably slippery floor onboard dining area on Deck 10 of the "BREEZE" had been present for a sufficient period before the Plaintiff's fall described in Paragraph 11 above that the Defendant should have known of it and had an opportunity to take corrective measures.

42. As an alternative to the allegations in the preceding two paragraphs, the presence of wet, and or slippery floor surface onboard dining area on Deck 10 of the "BREEZE" was a recurring condition that recurred so regularly and frequently that the Defendant should have anticipated its regular recurrence and hence should have known of it.

43. Notwithstanding its actual or constructive knowledge of the dangerous or risk creating condition as described above, the Defendant failed at all material times to warn passengers adequately of the condition by posting adequate signage, cordoning off or marking the dangerous or risk creating area, using slip resistant and or non-skid flooring surfaces, or otherwise, and was thereby negligent.

ELIZABETH CASTILLO V. CARNIVAL CORP

44. As a direct and proximate result of the Defendant's negligent failure to warn as alleged above, the Plaintiff slipped and fell as alleged in Paragraph 11 above has sustained and will continue to sustain the damages alleged in Paragraph 12 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 14th day of April, 2022.

Respectfully submitted,

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
Awentz@gslawusa.com
filing@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:      (305) 371-5749